UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| APRIL FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:21-cv-00072 |
| ) | |
| ROQUE'S, INC. d/b/a ) | |
| CEBOLLA'S MEXICAN GRILL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

### I.   INTRODUCTION

This Title VII case was not timely filed, and summary judgment should be granted to the Defendant. The Plaintiff argues that the Dismissal and Notice of Rights issued by the EEOC was erroneously addressed, but any error was of the Plaintiff's own making, as the Dismissal was sent to the address the Plaintiff provided on her Charge of Discrimination. Accordingly, the 90 day period in which to file this lawsuit began to run shortly after the Notice was mailed, and the Complaint was untimely.

### II.   STATEMENT OF MATERIAL FACTS

The claims in the case are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.* Complaint, first paragraph of Introduction. (The Complaint is attached to the accompanying Motion for Summary Judgment as Exhibit B.) The Plaintiff, April Freeman ("Freeman"), filed a charge of discrimination with the Fort Wayne Metropolitan Human Relations Commission ("Metro") and the Equal Employment Opportunity Commission ("EEOC") on April 12, 2019. Complaint, p. 2. Freeman's Charge of Discrimination is attached as Exhibit 1

1

to the Complaint. The Charge of Discrimination indicates that Freeman's address is 6208 Farmswood Dr., Fort Wayne, IN, 46804. Freeman signed the Charge of Discrimination form, which includes a statement "under the penalty of perjury" that the information on the form is "true and correct."

On April 15, 2019, John Theisen filed an Appearance for Freeman with the EEOC. Complaint, p. 2 and Ex. 2. (The text of the Complaint indicates that the Appearance was filed in April of 2020, but Ex. 2 is dated April 15, 2019.) Freeman's charge was investigated by Metro. ¶8 of the Affidavit of Jeremy Sells, State, Local, and Tribal Coordinator for the EEOC's Indianapolis Office. Sells forwarded Theisen's Appearance to Metro, but neither the EEOC or Metro staff entered the information regarding Theisen's appearance in the computer system share by Metro and the EEOC. Sells Aff., ¶8. On April 7, 2020, Thiesen's office wrote to the EEOC and requested the issuance of a notice of right to sue. Complaint, Ex 3.

The EEOC generated a Dismissal and Notice of Rights (the "Dismissal") on July 23, 2020. Sells Aff., ¶6 and Ex. A. It is the practice of the EEOC to mail a Dismissal to the charging party at the address reflected in the EEOC's records, Sells Aff., ¶5, and it is the practice of the EEOC to mail a Dismissal on the date reflected on the notice, Sells Aff. ¶4. The envelope containing Freeman's Notice was returned to the EEOC marked "undeliverable." Sells Aff. ¶¶11-12 and Exhibit C. The return envelope shows that it was mailed on July 23, 2020 and that it was addressed to "April M. Freeman, 6208 Farmswood Dr, Fort Wayne, IN 46804." This is the same address Freeman provided on her Charge of Discrimination. The Complaint claims that the address on the Dismissal "does not contain [Freeman's] apartment number." Complaint, p. 3. Freeman's apartment number is not mentioned anywhere in the record.

It is the usual practice of the EEOC to mail a Dismissal to the attorney of the charging party if the records of the EEOC reflect that that charging party is represented. Sells Aff., ¶5. However, as indicated above, information regarding Mr. Theisen's appearance was not entered into the computer system shared by Metro and the EEOC. Thus, when the Dismissal was generated, it did not reflect that Theisen was representing Freeman and the form was not mailed to Theisen. Sells Aff., ¶10. Theisen wrote to the EEOC on Dec. 14, 2020 to inquire about the status of the matter. Complaint, Ex. 4. On December 17, 2020, Sells provided Theisen with a copy of the Dismissal and informed him that the Dismissal had been mailed to Freeman on July 23, 2020. Sells Aff., ¶¶9, 10 and Ex B. Freeman's Complaint was filed on February 17, 2021.

### III.     ARGUMENT

**A.     Summary Judgment Standard**

> Summary judgment is appropriate if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court's function at the summary judgment stage is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Summary judgment is not appropriate if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505. In making a summary judgment determination, the court takes the record in the light most favorable to the non-moving party, drawing all reasonable inferences in its favor. *O'Leary*, 657 F.3d at 630.

*Gabryszak v. Aurora Bull Dog Co.*, 427 F. Supp.3d 994, 1001 (N.D. Ill. 2019).

**B.      Discussion**

**1. Freeman failed to file her Complaint within the required 90 day period.**

The undisputed facts show that the EEOC mailed Freeman's Dismissal and Notice of Rights to her on July 23, 2020. It is also undisputed that the Dismissal was mailed to the address that Freeman provided to the EEOC on her Charge of Discrimination. Freeman suggests in her Complaint that the address used by the EEOC was incorrect because it did not include her apartment number. It may well be that the lack of an apartment number is the reason that the Dismissal was undeliverable.  However, there is no evidence that Freeman ever attempted to change her address with the EEOC after she filed her Charge, and by signing the Charge, she affirmed the accuracy of the address she provided.

A Title VII claim must be brought within 90 days after the plaintiff has been given notice of her right to sue. 42 U.S.C. § 2000e-5(f)(1).  Typically, the 90 day period begins to run 90 days from the date the notice is actually received by either the charging party or her attorney. *Edwards v. Johnson,* 198 F.Supp.3d 874, 878 (N.D. Ill. 2016). However, the "actual notice" rule does not apply "when the claimant does not receive the notice in a timely fashion due to her own fault." *Id.* (quoting *Bobbitt v. Freeman Cos.,* 268 F.3d 535, 538 (7th Cir. 2001)).

It seems that most cases raising issues about the delivery of a dismissal notice are, like *Edwards,* cases where the charging party moves after filing a charge of discrimination but fails to provide an updated address to the EEOC. "[W]hen a plaintiff fails to inform the EEOC that he or she has moved, the ninety-day limitations period begins to run 'on the date the notice was delivered to the most recent address plaintiff provided the EEOC.'" *Edwards* at 879 (quoting *St. Louis v. Alverno College*, 744 F.2d 1313, 1316-17 (7th Cir. 1984)). In *Edwards*, the Court presumed that the Notice would have been delivered within five days after it was mailed, and accordingly the 90

day period commenced to run on June 15, 2015, five days after the Notice of Rights was mailed. The complaint that was filed some 7 months later on January 20, 2016 was untimely. *Edwards* at 879-880.

The logic applied by the court in *Johnson* applies with equal force to the less common case of a charging party providing an incomplete or erroneous address with her initial charge. Indeed, whether the delay in receiving a notice is a result of a failure to provide notice of a change of address or a failure to provide an accurate address in the first instance, the delay is due to the claimant's "own fault." While Freeman in the Complaint suggests that she did not receive the notice because the address did not include her apartment number, the address she included on her charge contained no apartment matter. Freeman "cannot complain about failing to receive the letter when it was mailed to the address provided by [her], even if [she] accidently provided the wrong address." *Blakey v. Kansas City, MO School Dist.,* 2005 WL 2475730 at *4 (W.D. Mo.).

*Carl v. Western-Southern Life Ins. Co.*, 2010 WL 3860432 (E.D. Pa.) contains a detailed analysis of the application of the 90 day filing period in a case where the EEOC mailed the notice of rights to an erroneous address that was provided by the claimant. The court noted that several Circuits have "held the 90-day limitations period starts to run when the delivery of a right-to-sue letter is attempted at the address on file for the plaintiff with the EEOC, even if the address proves to be incorrect." *Carl* at * 3. The court then discussed the facts before it:

> Carl alleges he never received the EEOC's first Notice because it was addressed incorrectly. As noted, however, the Notice was addressed to Carl at 8592 Old Lind Road, Philadelphia, PA 19128, the same address listed for Carl on his Charge of Discrimination. Although the address apparently contained a typographical error, Carl signed the Charge of Discrimination declaring "under penalty of perjury that the above is true and correct." … Just as it is reasonable to require a plaintiff "to shoulder the 'de minimus' burden of notifying the EEOC of his change of address," *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1340 (11th Cir. 1999), it is

5

>also reasonable to require a plaintiff to ensure the address listed on his Charge of Discrimination is accurate, *see* 29 C.F.R. § 1601.7 ("The person making the charge ... must provide the Commission with the name, address and telephone number of the person on whose behalf the charge is made."). Because Carl failed to do so, the Court cannot conclude his failure to receive the Notice was due to no fault of his own. *Blakley v. Kansas City, Mo. Sch. Dist.*, No. 04-0555, 2005 WL 2475730, at 4 (W.D. Mo. Oct. 6, 2005) ("Plaintiff cannot complain about failing to receive the [EEOC's notice] when it was mailed to the address provided by him, even if he accidentally provided the wrong address."), *aff'd,* 217 F. App'x 572 (8th Cir. 2007). Therefore, the 90–day limitations period began to run three days after the EEOC mailed the first Notice on March 16, 2007. Because Carl did not file his Complaint until September 1, 2009, nearly two and a half years after he was presumed to have received the Notice, his Title VII and ADA claims are time-barred.

*Carl* at *3.

The reasoning of *Carl* also applies to Freeman's claim. The EEOC mailed her notice to the address she had provided. The lack of an apartment number may have caused the notice to be undeliverable, but it was Freeman who failed to provide the EEOC with her correct address. As such, the fault for her failure to receive the notice was Freeman's, and her 90 day period to file began to run a few days after the July 23, 2020 mailing of her notice.[1] The Complaint that was filed in February of 2021 was far too late.

### 2. Freeman's Complaint is not saved by equitable tolling.

It is anticipated that Freeman will argue that her time to file should be extended by the doctrine of equitable tolling, and that the factual basis for extending the deadline is the fact that the EEOC did not provide her Dismissal to her counsel in July of 2020. It is true that the doctrine of equitable tolling can extend the time for filing in some cases. However, the doctrine applies to

---

[1] In this case it is unnecessary to determine exactly how many days should be allowed for delivery of the notice, given that the Complaint was filed nearly seven months after the Dismissal was mailed.

extend the filing deadline in Title VII cases "in only three circumstances: when a plaintiff exercising due diligence cannot within the statutory period obtain the information necessary to realize that she has a claim [;] when a plaintiff makes a good faith error such as timely filing in a wrong court; or when the defendant prevents a plaintiff from filing within the statutory period." *Edwards*, 198 F.Supp.3d at 880 (quoting *Porter v. New Age Servs. Corp.,* 462 Fed.Appx. 582, 584 (7th Cir. 2012)).  The Seventh Circuit has held that that simple failure to send a copy of a notice of rights to counsel does not support equitable tolling. *Threadgill v. Moore*, 269 F.3d 848, 850 (7th Cir. 2001).

In *Threadgill*, counsel for the claimant wrote to the EEOC to request a right-to-sue notice. The EEOC issued a notice to the claimant, but did not send a copy to the attorney. Approximately six months passed before the attorney learned from his client that the notice had been issued to the client. The Court rejected the plaintiff's argument that equitable tolling should extend his time to file since the notice had been sent to his counsel:

> Threadgill's contention that the EEOC induced or tricked him into allowing the deadline to pass by failing to send a copy of the notice to his attorney is unsupported.  The EEOC did not act deceitfully. It sent Threadgill a right-to-sue notice that clearly indicated the 90-day limitation. The failure to send a copy to the attorney does not amount to trickery or inducement. While Threadgill's failure to understand the implications of the right-to-sue notice elicits sympathy, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

*Threadgill* at 850-51.

*Threadgill* makes it clear that failure of the EEOC to provide a claimant's counsel with a copy of the right-to-sue notice does not justify the equitable tolling of the filing deadline. In this case, the EEOC mailed its notice to the address that Freeman provided, but Freeman now claims

7

that the address was inadequate. There is no reason to doubt that Freeman would have received the notice if she would have provided the correct address to the EEOC. Under these circumstances, any fault in relation to the delivery of the notice resides with Freeman, and there is no basis to extend her filing period.

## IV.    CONCLUSION

Summary judgment should be entered against the Plaintiff. The EEOC mailed the Dismissal and Notice of rights to the address the Plaintiff provided, and thereby triggered the 90 day filing period. Plaintiff's suit was not filed for nearly another seven months. The claim is untimely.

Respectfully submitted,

**FLETCHER VAN GILDER, LLP**


/s/ David E. Bailey
David E. Bailey #21527-02
Attorneys for Defendant

436 East Wayne Street
Fort Wayne, Indiana  46802
Telephone:  (260) 425-9777
Facsimile:  (260) 424-9177
E-Mail: bailey@fvglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2021, I electronically filed the foregoing. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System:

John C. Theisen and Nathaniel O. Hubley
Theisen & Associates, LLC
JTheisen@theisen-associates.com
NHubley@theisen-associates.com

/s/ David E. Bailey
David E. Bailey