UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| APRIL FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:21-CV-72-HAB |
| ) | |
| ROQUE'S, INC., d/b/a ) | |
| CEBOLLA'S MEXICAN GRILL, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment (ECF No. 16). Defendant asserts that Plaintiff's Title VII claim is time barred and not saved by the doctrine of equitable tolling. The issue has been fully briefed (ECF Nos. 17, 20, 21) and is now ripe for determination.

**A.     Factual Background**

The facts relevant to the instant motion are straightforward and undisputed. In April 2019, Plaintiff went to the Fort Wayne Metropolitan Relations Commission ("Metro") to file a Charge of Discrimination against Defendant. Plaintiff was met by an Intake Officer who took down Plaintiff's information and prepared the Charge. According to Plaintiff, the Intake Officer incorrectly transcribed Plaintiff's address, leaving off Plaintiff's apartment number. Nonetheless, Plaintiff signed the attestation at the end of the Charge swearing, under the penalties of perjury, that the information contained therein was true and correct.

Within days of the Charge being filed, Attorney John Theisen filed an appearance for Plaintiff with the EEOC. The appearance was forwarded by the EEOC to Metro. Unfortunately,

for reasons that are unknown, neither Metro nor the EEOC entered Theisen's appearance in the computer system that the two entities share.

Over the course of the next year, Plaintiff moved twice. On both occasions she filled out the appropriate mail-forwarding form on the United States Postal Service website. However, on neither occasion did she inform the EEOC of her address change.

On April 7, 2020, Theisen's office sent a letter, on firm letterhead, requesting the issuance of a right to sue letter. Notably, this letter included a copy of Theisen's EEOC appearance. The EEOC issued the Dismissal and Notice of Rights (the "Dismissal") on July 23, 2020. The EEOC sent the Dismissal to Plaintiff only, using the address listed on the Charge. As this address was both incorrect and two residences ago, the Charge was returned to the EEOC as undeliverable. The parties agree that Plaintiff never received the Dismissal from the EEOC.

Beginning in March 2020, Theisen made multiple, unrequited attempts to contact the EEOC regarding Plaintiff's Charge. These included at least a half-dozen telephone calls and the April 7, 2020, letter requesting the right to sue letter. Theisen received no response to the April 7, 2020, letter, and the EEOC never returned any of the phone calls.

On December 14, 2020, Theisen again sent a letter to the EEOC requesting the right to sue letter. The letter was again sent on firm letterhead, and again included a copy of Theisen's EEOC appearance. This letter did elicit a response: on December 17, 2020, Theisen received a phone call from an EEOC investigator informing him that the Dismissal had been sent on July 23, 2020. The investigator further explained that Theisen had not received a copy of the Dismissal because his appearance was never entered into the computer system.

B.     Legal Analysis

1.     *Summary Judgment Standard*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Additionally, a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

3

## 2.  *Plaintiff's Suit was not Timely*

"A civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849–50 (7th Cir. 2001)). "The 90-day period of limitation set forth in 42 U.S.C. § 2000e–5(f)(1) begins to run on the date that the EEOC right-to-sue notice is actually received either by the claimant or by the attorney representing him in the Title VII action." *Id.* at 850 (quoting *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984)) (emphasis omitted); *see also Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir .2009) (same); *Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999) (same). "However, when the claimant does not receive the notice in a timely fashion due to her own fault, the 'actual notice' rule does not apply." *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001) (citing *St. Louis v. Alverno College*, 744 F.2d 1314, 1316–17 (7th Cir. 1984)).

Both parties, understandably, focus on the erroneous address on the Charge when discussing whether Plaintiff's failure to receive the Dismissal was due to her "own fault." However, the Court finds the address number to be a red herring. By the time the Dismissal was sent, Plaintiff had twice moved from the residence she occupied when the Charge was filed. The issue, then, is not whether the Charge accurately reflected her address, but what steps Plaintiff took to keep the EEOC updated on her mailing address.

Plaintiff did nothing to advise the EEOC that she had moved.[1] This was expressly in violation of Plaintiff's duty as a claimant. *See* 29 C.F.R. § 1601.7(b) (requiring a claimant to provide the EEOC "with notice of any change in contact information so that the Commission may communicate with him or her during the Commission's consideration of the charge."). The case

---

[1] What Plaintiff did do, however, was to have an attorney enter an appearance on her behalf. As discussed below, had Metro or the EEOC noted Theisen's appearance, or had the EEOC responded to any of Theisen's multiple requests for information, Plaintiff's failure to update her address would have been a non-issue.

4

law is clear that the failure to keep the EEOC up to date on one's address renders the claimant at fault when the EEOC's determination is not received. *See*, *e.g.*, *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1317 (7th Cir. 1984); *Edwards v. Johnson*, 198 F.Supp.3d 874, 879 (N.D. Ill. 2016); *Saunders v. Am. Warehousing Servs., Inc.*, 2003 WL 21266652 at *2 (N.D. Ill. May 30, 2003).

With Plaintiff at fault for her failure to receive the dismissal, the 90-day filing period commenced on the date "the notice was delivered to the most recent address plaintiff provided to the EEOC." *St. Louis*, 744 F.2d at 1316–17. While there is no evidence in this case showing when the Dismissal was delivered to the address on the Charge, "[t]he law presumes delivery of a properly addressed piece of mail." *McPartlin v. C.I.R.*, 653 F.2d 1185, 1191 (7th Cir. 1981). Assuming delivery within five days of mailing, *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989), the 90-day period had long-since expired when Plaintiff filed her Complaint on February 17, 2021. As such, the Court concludes that Plaintiff's claim was untimely.

**3.     *Equitable Tolling Applies***

Alternatively, Plaintiff asserts that her complaint should be saved by the doctrine of equitable tolling.

> In discrimination cases equitable tolling extends filing deadlines in only three circumstances: when a plaintiff exercising due diligence cannot within the statutory period obtain the information necessary to realize that she has a claim[;] when a plaintiff makes a good-faith error such as timely filing in the wrong court; or when the defendant prevents a plaintiff from filing within the statutory period.

*Porter v. New Age Servs. Corp.*, 463 Fed.Appx. 582, 584 (7th Cir. 2012) (citations omitted). Plaintiff does not expressly invoke any of these circumstances, but instead argues that tolling should apply "due to the myriad of errors and circumstances which resulted in both [Plaintiff] and her lawyers not receiving" the Dismissal. (ECF No. 20 at 5).

5

Defendant asserts that Plaintiff's tolling argument is defeated by the Seventh Circuit's decision in *Threadgill v. Moore*, 269 F.3d 848 (7th Cir. 2001). In *Threadgill*, the claimant received the right to sue letter, but his attorney did not. The claimant waited nearly eight months to inform his lawyer that he had received the letter, by which time the 90-day period had expired. When his lawsuit was dismissed as time barred, the claimant appealed, arguing that the EEOC's failure to serve his lawyer with the right to sue letter supported the application of equitable tolling.

The Seventh Circuit disagreed. The Court focused on the claimant's receipt of the letter, stating, "[t]o say that a claimant who receives the notice but does not read it or ask his attorney to explain it within the 90 days should be exempt from the limitations period under the principle of equitable tolling renders the procedural rule itself meaningless." *Id*. at 850. Addressing the failure to serve the claimant's attorney, the Court held that, "[t]he EEOC did not act deceitfully. It sent Threadgill a right-to-sue notice that clearly indicated the 90-day limitation. The failure to send a copy to the attorney does not amount to trickery or inducement." *Id*. The Court left open, however, the issue of whether "any alleged malfeasance by the EEOC would suffice to toll the limitations period." *Id*., n.1.

Of course, *Threadgill* is immediately distinguishable due to the claimant's receipt of the right to sue letter in that case. As such, the concern of rendering the 90-day rule "meaningless" is much less evident in this case. But more importantly, *Threadgill* did not address the key issue here, that being whether the actions or inactions of the EEOC could support the application of tolling. *Threadgill*, then, is of limited application to the facts at bar.

While the EEOC's actions in this case may not constitute malfeasance, there is plenty of misfeasance to go around. The EEOC: (1) failed to note Theisen's appearance despite receiving it three times; (2) failed to send a copy of the Dismissal to Theisen despite having received both an

6

appearance and an express request for the Dismissal from Theisen; (3) failed to respond to Theisen's April 7, 2020, letter; and (4) failed to respond to several phone calls from Theisen requesting a status update on Plaintiff's Charge. It is apparent to the Court that Theisen, acting on Plaintiff's behalf, was exercising due diligence within the statutory period to obtain the information necessary to realize Plaintiff had a claim. It is equally apparent that the EEOC, through action and inaction, prevented Plaintiff from filing within the statutory period. Indeed, it was not until the statutory period had already expired that Theisen received any response to his numerous attempts to contact the EEOC.

The Court recognizes that equitable tolling is to be applied only in "special circumstances." *Freeman v. Travelers Co., Inc.*, 63 F.Supp.3d 867, 871 (N.D. Ill. 2014). However, the conduct of both Metro and the EEOC in this case support the finding of special circumstances here. Accordingly, the Court finds that equitable tolling applies, and will permit this case to continue.

**C.     Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED.

SO ORDERED on June 4, 2021.

        s/ Holly A. Brady_____
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT